IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| WILLIAM E. VUKICH, )<br>    Petitioner, )<br>)<br>        v. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA, )<br>    Respondent. ) | 2:16-cv-1871 |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of William E. Vukich for a writ of habeas corpus be dismissed as untimely, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

William E. Vukich has presented a petition for a writ of habeas corpus[1] seeking to challenge what he contends was an illegal extension of his sentence at No. CP-04-CR-0001236-2008 imposed by the Court of Common Pleas of Beaver County, Pennsylvania.[2] The background to this petition is set forth in the November 4, 2015 Memorandum of the Superior Court:

> In 2008, Vukich entered a guilty plea to theft and burglary offenses. Vukich received an aggregate sentence of two to four years' imprisonment, and seven years' probation. In 2013, Vukich violated his probation, and was re-sentenced to one to three years' imprisonment. The PCRA court summarized the relevant procedural history of this case as follows:
>
> On November 7, 2014, Vukich filed … a petition under the PCRA…On February 11, 2015, the court entered an Order… dismissing Vukich's PCRA petition without hearing…

---

[1] We note that the petitioner has also just filed a petition seeking monetary damages for his supposed illegal detention at 2: 17-cv- 441.
[2] We also observe that at the Vukich is no longer in custody.

On February 23, 2015, Vukich timely filed a notice of appeal…

On appeal, we interpret Vukich's brief as raising the following issues for our consideration:

1. Whether the sentence that followed [Vukich's] revocation of probation was illegal and unconstitutional under the United States Constitution and [the] Pennsylvania Constitution?
2. Whether [Vukich's] sentence breached his plea agreement?
3. Whether [Vukich's] appointed counsel was ineffective and incompetent?

***

Vukich was sentenced for violating his probation in each of the above-captioned cases on January 13, 2013. Vukich did not file a direct appeal. Thus, his judgment of sentence became final on February 13, 2013… To be timely, Vukich had to file his PCRA petition within one year of that date, on or before February 13, 2014… Vukich filed the instant petition on November 7, 2014, approximately one year and nine months after his judgment of sentence became final. Consequently, Vukich's PCRA petition facially in untimely…

Vukich has not proved the applicability of any of the enumerated exceptions to the PCRA's time bar. Thus, the PCRA court lacked jurisdiction over his petition, and did not err or abuse its discretion is dismissing the petition on that basis. (ECF 1-3).

In his petition here, received on December 16, 2016, Vukich contends he is entitled to relief on the following grounds which are essentially trial related:

1. In cases No. # 1862 and 1869 of 2008. The Court of Common Pleas errored and sentenced Vukich for a total of seven years, when the maximum prison term is only five years. Exceeding the statutory maximum. Which has now caused illegal sentence.

2. In case 1236/2008, in accordance to the negotiated Plea Agreement, Vukich had already fully served the required forty-eight months and no other prison term could be imposed why then, was Vukich sentenced to another term of imprisonment in breach of the negotiated plea agreement? In a total of three more years in violation of 42 PA. C.S. §9756, 9754; state under no circumstances is a sentence of probation a vehicle for imposing "Total Confinement."

3. How many violations are the courts allowed before something is done to help the defendant? No legal representation – change of rules to benefit the Courts.

4. No leniency from any of the courts which pro-se litigants must be held to; Estelle (vs) Gamble 429 U.S. 97, 106 (1976).

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case Vukich's probation conviction became final on February 13, 2013 and he did not seek post-conviction relief until November 7, 2014 or almost twenty-one months after his conviction became final. That petition was dismissed as untimely and therefore not "properly filed" and the dismissal was affirmed on appeal on November 4, 2015. The instant application for relief was submitted over thirteen months later on December 16, 2016.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until well over a year after he could have done so. That petition was denied as untimely and the denial of post-conviction relief was affirmed by the Superior Court on November 4, 2015. Well over a year later, the instant petition was received. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking

relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Unless a basis for equitable tolling is demonstrated there is no basis for not imposing the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010). As the Superior Court observed there was no showing of any basis for equitable tolling of the state statute, and in a similar manner, there is no basis demonstrated for tolling the federal statute. For this reason, the petitioner is not entitled to relief here.

Accordingly, it is recommended that the petition of William E. Vukich be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: April 12, 2017
Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge